JOSEPH SCHAEDEL, APPELLANT, v. LIBERTY TRUST COMPANY, A NEW JERSEY CORPORATION, AND IN THE ALTERNATIVE, GOTTLIEB KAUTZMANN, RESPONDENTS.

Submitted December 10, 1923—Decided March 3, 1924.

H. overdrew his account with defendant L. T. Co., and its board of directors instructed defendant K., its president, to discontinue H.'s account and have it withdrawn from its bank; disregarding the instructions, H. was permitted to continue his account; the company suffered loss by his manipulations; the president called upon plaintiff, a director, for a contribution to make good the loss, and he paid his proportion for the purpose, and was afterwards partially repaid; he sued for the balance—*Held*, if plaintiff were bound to make good his proportion of the loss he paid a legal obligation; he had an opportunity to dispute the claim, and if not liable, to defeat it, but waived defense, and, with full knowledge of all the facts, paid voluntarily and cannot recover.

On appeal from the Supreme Court.

For the appellant, *Charles B. Clancy.*

For the respondents, *Vanderbilt & Hedden.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This was a case in the Supreme Court brought by the plaintiff against the two defendants in the alternative to recover the balance of a contribution to make good certain losses suffered by the Liberty Trust Company while plaintiff was a director thereof. There are two counts in the complaint. The first alleges the trust company to be a corporation, defendant Kautzmann its president, and plaintiff a member of the board of directors; that at a meeting of the board, held early in 1918, a resolution was passed instructing the president to have the account of William J. Haggerty discontinued and withdrawn; that notwithstanding said resolution, and disregarding the instructions therein, the trust company permitted the account to remain and Haggerty to continue to do business with the bank; that the company was bound to carry out the instructions of the directors through its president under the terms of the by-laws (the provisions of which are recited); that on December 10th, 1918, the Department of Banking and Insurance of this state discovered that Haggerty, by manipulations of his account, had overdrawn the same to the extent of $52,000 and demanded that that sum be made good at once, otherwise the bank would be closed as insolvent; that in order to prevent the bank from being closed, and at the demand of the defendant trust company, made through its president, plaintiff paid the company $4,000; that on August 28th, 1919, plaintiff received on account of such payment the sum of $680.31; on January 5th, 1921, $96, and on December 30th, 1921, $216.43; making a total of $992.74; leaving a balance of $3,007.26 still due; that the refusal or neglect of the company, acting through its president, to carry out the instructions of the directors was a breach of the

contractual relations existing between the company and the directors, and as a result the plaintiff suffered damages to the extent of $3,007.26. The second count differed from the first one only in alleging more particularly that the defendant Kautzmann refused and neglected to carry out the instructions of the directors and permitted the account of Haggerty to remain with the company; that defendant Kautzmann was bound to carry out the instructions of the directors under the by-laws (the provisions of which are recited); that in order to prevent closing the bank, and at the demand of defendant Kautzmann, plaintiff paid the company $4,000; that he received on account thereof the aforesaid sum of $992.74, leaving a balance of $3,007.26 still due; that the refusal or neglect of the defendant Kautzmann, president of the company, to carry out the instructions of the directors was a breach of the contractual relations existing between the president and the board of directors, and as a result thereof the plaintiff suffered damages to the extent of $3,007.26, and therefore demanded that sum as damages, together with interest and costs.

Both defendants answered denying liability and reserved in their answer (under Supreme Court rule 40, ed. 1913) a motion to strike out the complaint on the ground that it did not state a cause of action, and that the court was without jurisdiction to try the case. This was the equivalent of a demurrer, admitting facts well pleaded, but not conclusions of law. *Koewing* v. *West Orange,* 89 *N. J. L.* 539. The judge decided that neither the first nor second count of the complaint stated a cause of action and granted the motion to strike, and from the judgment entered thereon plaintiff appeals to this court.

The gravamen of the complaint is that the relation between the plaintiff (one of the directors of the company, who made good part of the impairment of its capital brought about by the overdraft of Haggerty), and the defendants was contractual, and that the bank and Kautzmann, its president, were debtors of plaintiff and required in law to reimburse him for his contribution toward making good the loss. No

authority is cited in support of the claim of the plaintiff, which is a misconception.

The relation of a director to a corporation is not contractual, but is that of a trustee. In *Stephany* v. *Marsden,* 75 *N. J. Eq.* 90, Vice Chancellor Leaming said (at *p.* 93) : "A director's duties are trust duties, or, more accurately speaking, are so nearly of the nature of the duties of a trustee to his *cestui que trust* that a fiduciary relationship, with its attendant responsibilities, is appropriately said to exist between the director and the corporation."

By-laws making it the duty of certain officials to supervise the conduct or accounts of other officials, and even to remove defaulting officers, are designed for the security and protection of the corporation or government, and not for the benefit of sureties on official bonds. *Newark* v. *Stout,* 52 *N. J. L.* 35, 49. The application of this rule to the case at bar is that the by-law making it the duty of the president to execute the orders of the board of directors required the defendant Kautzmann to have the account of Haggerty as a depositor discontinued for the benefit of the bank; but his refusal and neglect to carry the resolution into effect did not operate for the benefit of the directors, who were trustees for the corporation.

Directors are liable to creditors of a bank at the suit of a receiver to make good losses suffered by the corporation on account of their neglect of duty in the management of the bank's business and affairs. *Campbell, Receiver,* v. *Watson,* 62 *N. J. Eq.* 396. See also *Four Corners B. & L. A.* v. *Schwarzwaelder,* 88 *Id.* 212.

At best for the plaintiff, liability to make good the losses occasioned by Haggerty's overdraft was problematical, and he, by his contribution, called for by the president, helped make good the loss *pro tanto.* This was a voluntary payment, which he cannot recover. But even if the law would not compel repayment of his contribution he, the plaintiff, with full knowledge of the facts, voluntarily paid as a matter of equity and good conscience, and, therefore, he has no remedy to recover it back. *Eaton* v. *Eaton,* 35 *N. J. L.* 290. The

reason of this rule is that the party paying had an opportunity to dispute the claim, and, having waived it of his own volition, it is impolitic to permit him to overhaul the transaction by an aggressive action. The doctrine is intended to be repressive of litigation. *Per* Stevens, advisory master, in *Deshler* v. *Holmes,* 44 *N. J. Eq.* 581 (at *p.* 588) ; affirmed, for the reasons given by him, *Ibid, p.* 595. So that, in either aspect—in face of legal liability or without it—the payment cannot be recovered. If the plaintiff were legally bound to make good his just proportion of the loss he but paid a legal obligation. If he were not liable for it he, nevertheless, paid it voluntarily. It is a general principle that if a person, without mistake of fact or in the absence of fraud, duress or coercion, pays money on a demand which is not enforceable against him the payment is deemed a voluntary one and cannot be recalled. *Camden* v. *Green,* 54 *N. J. L.* 591. See also *Shoemaker & Co.* v. *Board of Health,* 83 *Id.* 425; *Koewing* v. *West Orange,* 89 *Id.* 539; *McGrory Stores Corp.* v. *Braunstein, ante p.* 166. All the *indicia* laid down in these cases as the test of voluntary payment were present in the instant case.

These views lead to an affirmance of the judgment under review.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, HEPPENHEIMER, GARDNER, VAN BUSKIRK, CLARK, JJ. 13.

*For reversal*—None.